UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELICIA ROSA,

                Plaintiff,

          -against-

ADMINISTRATION FOR CHILDREN'S
SERVICES; KEISHA MOORE; JAIDE
WILSON; GORDON MORRISON; THE CITY
OF NEW YORK; NYPD; OFFICER MICKEY;
THE STATE OF NEW YORK; ALBANY
COUNTY; DSS AMANDA; THE STATE OF
NEW JERSEY; THE CITY OF PATERSON,
NJ; PATERSON HOUSING AUTHORITY;
BECKY CANDULURA; ALBANY HOUSING
AUTHORITY; HILLARY SEICKO; DSS; CITY
OF ALBANY,

                Defendants.

24-CV-7304 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

      Plaintiff resides in Brooklyn, New York, and is proceeding *pro se* and *in forma pauperis*.

She brings this action under 42 U.S.C. §§ 1983, 1985, and the Fair Housing Act, 42 U.S.C.

§ 3601 *et seq*. Plaintiff asserts claims arising from problems with her housing in Albany, New

York, and Paterson, New Jersey, as well as claims arising from removal of her children from her

custody. On March 13, 2025, Plaintiff filed the operative amended complaint. For the following

reasons, the Court dismisses the amended complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the amended complaint.[1] On January 19, 2019, Officer Mickey, acting without a court order or proper justification, forcibly removed Plaintiff's children from her custody. Officer Mickey's actions constituted "excessive force" and allegedly violated Plaintiff's constitutional rights against unlawful seizure. This caused Plaintiff's "unjust hospitalization."[2] (ECF 8 at 1.)

---

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] It appears from Plaintiff's original complaint that these events occurred in Manhattan. Plaintiff alleged in that complaint that her uncle told officers from the New York City Police Department (NYPD) that he wanted Plaintiff and her children "out" and claimed that Plaintiff was intoxicated. (ECF 1 at 10.) NYPD officers took Plaintiff to the hospital, and she was discharged two hours later. (*Id.*) Plaintiff asserted that Officer Mickey's actions were a primary factor in ACS's removal on February 14, 2019, of her children. At some point, ACS granted custody of the children to Plaintiff's mother, after having removed the children from Plaintiff's custody during a visit to her aunt's apartment on 116th Street in Manhattan; this has "entrapped" Plaintiff within the jurisdiction of New York City. (*Id.* at 10.)

On December 18, 2024, ACS and the Brooklyn Family Court allegedly engaged in "procedural misconduct by reconstructing the testimony of Officer Mickey, despite the fact that his original testimony had already been rejected by the Appellate Division as unreliable and unacceptable." (*Id.* at 2.)

On December 18, 2024, during a court hearing, Defendant Kiesha Moore of ACS admitted under oath that she had contacted Plaintiff's landlord, without Plaintiff's consent, to discuss the terms of Plaintiff's lease and to negotiate terms related to Plaintiff's housing voucher. Moore's statements revealed to Plaintiff that Moore was aware of the landlord's decision to cancel Plaintiff's lease approximately 25 minutes before Plaintiff was officially notified. This unauthorized interference resulted in the unjust termination of Plaintiff's housing and directly affected her ability to regain custody of her children. (*Id.* at 2.)[3]

Plaintiff has not had the opportunity to appear before a judge in connection with her custody case in more than one year. (*Id.*) Plaintiff asserts that the prolonged lack of judicial

---

[3] Plaintiff included more factual development in her original complaint. Plaintiff alleged that she had a Section 8 housing voucher and lived in an apartment on North Lake Avenue in Albany, New York. (ECF 1 at 6.) The New York State Department of Social Services (DSS), through someone named "Amanda," allegedly failed to pay its portion of the rent for several months, and in August 2017, Plaintiff was evicted. In September 2017, Plaintiff was admitted to a domestic violence shelter, possibly in Albany County, after seeking an order of protection against the father of her child. Plaintiff sought to move her Section 8 housing voucher to Paterson, New Jersey, but approval was delayed until January 1, 2018. Plaintiff moved to an apartment in Paterson, but on an unspecified date, she "was forced to leave the unsafe apartment and moved [back] to Albany." (*Id.*) She named the City of Paterson, New Jersey, as a defendant "for its role in obstructing Plaintiff's housing process and enabling corruption among local officials" and sued the Paterson Housing Authority and Albany Housing Authority for "the wrongful termination of Plaintiff's housing benefits." (*Id.* at 8.) Both allegedly "delayed Plaintiff's voucher transfer . . . eventually resulting in the unlawful termination of her voucher." (*Id.* at 9.)

review constitutes a violation of Plaintiff's right to a fair and impartial trial under the Fourteenth Amendment.

Plaintiff alleges that she "has been subjected to a coordinated effort [by] Defendants, including ACS, NYPD, Albany Housing Authority, Paterson Housing Authority, and others, which ha[s] caused undue harm and emotional distress." (*Id.* at 3.) This pattern of misconduct allegedly included malicious prosecution, intentional infliction of emotional distress, and conspiracy to obstruct Plaintiff's access to housing and custody.

Plaintiff sues the ACS and its employees (Kiesha Moore, Jaide Wilson, Gordon Morrison), Officer Mickey, the NYPD, the City of New York, Albany Housing Authority, Albany County, the City of Albany, the States of New York and New Jersey, the City of Paterson, the Paterson Housing Authority, New York State Department of Social Services (DSS) and its employee "Amanda." Plaintiff also lists Defendants Becky Candulura and Hillary Seicko in the caption of the complaint but does not mention them in the body of the complaint.

Plaintiff seeks declaratory and injunctive relief, including the reinstatement of her Section 8 voucher, the return of her children, and an injunction against further discriminatory or illegal actions by Defendants. She also seeks compensatory and punitive damages.

## DISCUSSION

### A.    States of New York and New Jersey

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. Neither New York nor New Jersey have waived their Eleventh Amendment immunity to suit in federal court.

*See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *Mierzwa v. U.S.*, 282 Fed. App'x 973, 976 (3d Cir. 2008) (New Jersey has not waived its Eleventh Amendment immunity in Section 1983 cases). Moreover, Congress did not abrogate the states' immunity in enacting Section 1983. *Trotman*, 557 F.2d at 40. Plaintiff's Section 1983 claims against the States of New York and New Jersey are therefore barred by the Eleventh Amendment and are dismissed. If Plaintiff chooses to file a second amended complaint (SAC), she should not name New York or New Jersey as a defendant in her SAC for claims under Section 1983.

**B.     Claims against Police Officer Mickey, the NYPD, and the City of New York**

Plaintiff seems to allege that on January 19, 2019, NYPD Officer Mickey forcibly caused her to be hospitalized for alleged intoxication and that information that he subsequently provided led, on February 14, 2019, to ACS's removal of her three children from her custody. (ECF 8 at 1, 4.) She may also be alleging that he used excessive force. (*Id.*) Plaintiff brings claims under Section 1983 against Officer Mickey, the NYPD, and the City of New York in connection with these events, for alleged violations of her constitutional rights.

**1.     Police Officer Mickey**

Plaintiff's Section 1983 claims against Officer Mickey appear to be time-barred. The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Here, Plaintiff knew or had reason to know of her detention and hospitalization, and any use of excessive force, on or about January 19, 2019, when these events took place. She also had

reason to know of ACS's reliance on Officer Mickey's observations on or about February 14, 2019, when ACS initiated proceedings to remove Plaintiff's children. Plaintiff's amended complaint was filed on March 13, 2025, more than six years after any Section 1983 claims accrued.[4]

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Comm. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted."); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego

---

[4] Even if the amended complaint relates back, under Rule 15 of the Federal Rules of Civil Procedure, to the filing of the original complaint on September 27, 2024, the claims accrued more than five years before the complaint was filed.

a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. New York also provides by statute for other circumstances in which a limitations period may be tolled.[5]

Plaintiff's amended complaint does not suggest any basis for equitable or statutory tolling of the three-year limitations period for claims under Section 1983. Plaintiff's claims against Police Officer Mickey arising in 2019, are therefore dismissed as time-barred, and the Court grants 30 days' leave to replead. If Plaintiff chooses to file a SAC, and if she repleads her claims against Officer Mickey, she must allege facts (1) showing any basis for equitable or statutory tolling of the limitations period; and (2) providing a short and plain statement of her claim against Officer Mickey, explaining what he personally did or failed to do that violated her constitutional rights.

### 2.    NYPD and City of New York

Under Rule 17 of the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter." (emphasis in original)). New York City's Charter states that agencies of the City of New York cannot be sued in the name of the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The New York City Charter does not

---

[5] *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).

authorize the NYPD to sue and be sued in the name of the agency. *See* N.Y. City Charter ch. 17, §§ 431-438 (establishing powers of the NYPD); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."). Plaintiff's claims against the NYPD must therefore be dismissed because claims against the NYPD must be brought against the City of New York.

When a plaintiff sues the City of New York or other municipality under Section 1983, however, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff's allegations that Police Officer Mickey detained her, leading to the removal of her children do not suggest any policy, custom, or practice on the part of the City of New York that caused a violation of her constitutional rights and thus do not state a claim against the City of New York. In addition, insofar as Plaintiff may be suing the City of New York in connection with allegations against ACS, Plaintiff does not allege that such actions were part of a policy, custom, or practice. The Court therefore dismisses Plaintiff's Section 1983 claims against the

City of New York for failure to state a claim on which relief may be granted, with 30 days' leave to replead. 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Claims against ACS and its employees

### 1.    ACS

Plaintiff sues ACS and its employees Keisha Moore, Jaide Wilson, and Gordon Morrison. Under the New York City Charter, ACS lacks the capacity to be sued other than in the name of the City of New York. *See* N.Y. City Charter ch. 17, §§ 615-617 (describing powers of ACS); *Friedman v. New York City Admin. for Children's Servs.*, 502 F. App'x 23, 27 (2d Cir. 2012) ("Even though [the plaintiff] brought claims against ACS, . . . the proper defendant is the City of New York."); *Pimentel v. City of New York*, No. 00-CV-326 (SAS), 2000 WL 1576871, at *2 (S.D.N.Y. Oct. 23, 2000) ("As the ACS is a City agency, and because it has not been authorized as a suable entity by law, it is not a proper party to this action."). Plaintiff's claims against ACS must therefore be dismissed for failure to state a claim on which relief may be granted.[6] 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    ACS employees

Plaintiff alleges that ACS employee Kiesha Moore admitted under oath that she had contacted Plaintiff's landlord, without Plaintiff's consent, to discuss the terms of Plaintiff's lease and to negotiate terms related to Plaintiff's housing voucher. (ECF 8 at 2, ¶¶ 6-7.) Moore's statements allegedly "revealed that she was aware of the landlord's decision to cancel Plaintiff's lease approximately 25 minutes before Plaintiff was officially notified." (*Id.*) Plaintiff contends that this unauthorized interference resulted in the unjust termination of Plaintiff's housing and

---

[6] As set forth above, Plaintiff also fails to state a claim against the City of New York arising from her allegations about conduct on the part of ACS.

directly affected her ability to regain custody of her children. She styles this claim as a violation

of the Fair Housing Act, a "seizure of property under the Fourth Amendment" and a due process

violation. (*Id.* at ¶¶ 7, 10-11.)

The FHA "broadly prohibits discrimination in housing." *Gladstone, Realtors v. Vill. of
Bellwood*, 441 U.S. 91, 93 (1979). Among other things, it prohibits the "refus[al] to sell or rent

after the making of a bona fide offer, . . . [and the] refus[al] to negotiate for the sale or rental of,

or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion,

sex, familial status, . . . national origin," or disability.[7] 42 U.S.C. § 3604(a), (f)(1). It also

prohibits discrimination "against any person in the terms, conditions, or privileges of sale or

rental of a dwelling, or in the provision of services or facilities in connection therewith, because

of race, color, religion, sex, familial status, . . . national origin," or disability. § 3604(b), (f)(2).

Generally, to state a claim of intentional discrimination under the FHA, a plaintiff must

allege facts showing that she is "'a member of a protected class,' suffered relevant 'adverse'

treatment, and '. . . [she must sustain] a *minimal* burden of showing facts suggesting an inference

of discriminatory motivation.'" *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018)

(summary order) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)

(emphasis in original, footnote omitted)).

Plaintiff's vague allegations, which do not include factual details about what Moore said

to the landlord, are insufficient to state a claim on which relief may be granted, whether under

the FHA or under Section 1983 for a violation of her Fourth or Fourteenth Amendment rights.

---

[7] "To demonstrate a disability under the FHA, a plaintiff must show: (1) 'a physical or
mental impairment which substantially limits one or more . . . major life activities'; (2) 'a record
of having such an impairment'; or (3) that he or she is 'regarded as having such an impairment.'"
*See Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 40 (2d Cir. 2015) (quoting 42 U.S.C.
§ 3602(h)).

Plaintiff also lists ACS employees Gordon Morrison and Jaide Wilson as defendants but does not include allegations in the body of the amended complaint about what these defendants did or failed to do that violated her rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). Plaintiff's allegations thus fail to state a claim on which relief may be granted against Moore, Morrison, and Wilson. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## D.    Unrelated claims arising outside New York

In addition to Plaintiff's claims arising from her interactions with NYPD Officer Mickey and ACS, Plaintiff also asserts claims arising from events beginning in 2017 in Albany and other events in New Jersey. She sues the City of Albany, the Albany Housing Authority, and DSS and its employee "Amanda" for claims arising in Albany, which is in the Northern District of New York. *See* 28 U.S.C. § 112(a). Plaintiff also brings claims against the City of Paterson and the Paterson Housing Authority in New Jersey.

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (1) a right to relief is asserted against all of the defendants or the claims arise out of the same transaction, occurrence, or series of transactions, and (2) questions of law or fact are common to all defendants. *See Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009). By contrast, "[u]nrelated claims against different defendants belong in different suits . . . ." *Webb v. Maldanado*, No. 13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013). Plaintiff's allegations about housing problems in 2017 in Albany, New York, and issues in New Jersey, which do not arise out of the same events as Plaintiff's claims against NYPD Officer Mickey and ACS or involve the same defendants, are improperly joined in this action. The Court

therefore dismisses without prejudice Plaintiff's claims against the City of Albany, the Albany

Housing Authority, DSS, "Amanda," the City of Paterson, New Jersey, and the Paterson Housing

Authority.

If Plaintiff files a SAC, the Court directs her to include only those claims that are

properly joined in a single action, which generally means either all of the claims that she has

against a single defendant, or all of her claims arising out of the same occurrence, even if they

are against different defendants.

## E.    State law claims

A district court may decline to exercise supplemental jurisdiction of state law claims

when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the

Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be

asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)

("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of

Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to

allege additional facts about whether her claims against NYPD Officer Mickey are time-barred, or facts about her claims arising from removal of her children and termination of her Section 8 housing voucher in New York, the Court grants Plaintiff 30 days' leave to file a SAC to detail her claims.

If Plaintiff does not file a SAC within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses without prejudice Plaintiff's claims against the City of Albany, the Albany Housing Authority, DSS, "Amanda," the City of Paterson, New Jersey, and the Paterson Housing Authority, which are not properly joined in this action.

The Court dismisses, without leave to replead, Plaintiff's Section 1983 claims against the States of New York and New Jersey based on Eleventh Amendment immunity, and her claims against the NYPD and ACS because these entities lack the capacity to be sued. The Court dismisses Plaintiff's claims against the City of New York, Officer Mickey, Keisha Moore, Gordon Morrison, Jaide Wilson, Becky Candulura and Hillary Seicko, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    August 5, 2025
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.